## HARRIET M. SHANNON *vs.* OLIVER N. SHANNON.

It is no defence to a wife's libel for divorce, to prove that a divorce has already been granted in another state on the application of the husband, if it is proved that he was not a citizen of the state in which the divorce was granted, but went there from this commonwealth, of which he was a citizen, for the purpose of obtaining it, while she remained in Massachusetts, and did obtain it fraudulently. And in such case, the decree of the court granting the divorce is not conclusive evidence of his citizenship.

For the purpose of proving that a husband, who has obtained a divorce on the ground of desertion, in another state, was not a citizen thereof, but went there from this common-wealth, of which he was a citizen, for the purpose of obtaining it, while his wife remained here, and did obtain it fraudulently, evidence is competent to prove by records that before leaving this commonwealth he twice instituted libels for divorce against her which were not sustained, and that he was compelled to pay and did pay the amount of a judgment against him for her board, for a part of the time during which, in his libel on which the divorce was granted, he alleged that she deserted him. And if such evidence is intro-duced, and other evidence is offered in support of her charges against him, it should be submitted to the jury.

LIBEL for a divorce. At the trial, before *Merrick*, J. and a jury, after the libellant had stated her case to the jury, but before she offered any evidence in support of the libel, the libellee was allowed, upon request, to produce and read the record of a divorce from the libellant granted to him in the Vigo county circuit court, in the State of Indiana, in September 1856, upon a libel filed in January 1856, which contained an averment and bore a certificate and affidavit of the libellee that he was, at that time, a *bona fide* resident of the county of Vigo. The rec-ord stated that it was there found that the present libellant had wilfully and without cause utterly deserted and abandoned the libellee for five years prior to the filing of the libel.

In answer thereto, the libellant objected that the libellee, who

it was conceded, had been for many years, and, up to the time of his going to Indiana, was a citizen of Massachusetts, was not, at the time of filing his libel or obtaining his divorce in Indiana, a citizen thereof; that he went from Massachusetts to Indiana with the intent and purpose of obtaining said divorce, while she remained here; and that his said divorce was fraudulently obtained. The judge directed her to confine herself to proof of the facts relied upon by her to show that the divorce in Indiana was no bar to the present libel. She thereupon read the record of a libel for divorce instituted by him against her in this court, filed in September 1851, alleging a desertion of him by her for five years, which libel was dismissed in March 1853; also the record of a libel for divorce from bed and board instituted by him against her in this court, filed in June 1853, alleging a desertion of him by her for several years, which libel was dismissed in April 1855; and also the record of a judgment of this court, rendered in April 1855, in a suit of Caroline W. Burlen against him, to show that he had been compelled to pay, and had paid, for her board for a part of the time during which, in his libel on which he obtained a decree of divorce in Indiana, he alleged that she deserted him. She also offered to prove the allegations in her libel; among which were allegations that "he has taken up his abode in the State of Indiana, for the purpose of obtaining from the courts of that state a divorce from your libellant; and that he has since obtained a divorce there, though neither the said Oliver nor your libellant has ever been domiciled in that state."

The judge ruled that the evidence introduced and offered was insufficient to authorize the jury to find that the judgment of divorce was invalid, and directed the libel to be dismissed, subject to the opinion of the whole court.

*W. J. Forsaith*, for the libellant, cited *Lyon* v. *Lyon*, 2 Gray, 367, 369; *Chase* v. *Chase*, 6 Gray, 157; *Brett* v. *Brett*, 5 Met. 233; *Hall* v. *Williams*, 6 Pick. 232; *Bissell* v. *Briggs*, 9 Mass. 462; *Bartlet* v. *Knight*, 1 Mass. 401; *Sykes* v. *Halstead*, 1 Sandf. 483.

*H. F. Durant*, for the libellee, cited *Harteau* v. *Harteau*, 14

Pick. 181 ; Story Confl. Laws, § 46 ; 2 Kent Com. (6th ed.) 90, 91 ; Bish. Mar. & Div. §§ 727, 740, 741.

MERRICK, J.*   To avoid the effect of the decree of divorce in favor of the libellee, made by the Vigo county court in the State of Indiana, which was produced in evidence and relied upon by him in defence of the present libel, the libellant offered to show, and produced evidence for the purpose of showing, that the said Oliver N. Shannon, at the time of filing his libel in said Vigo county court, and at the time of obtaining said decree, was not a citizen of the State of Indiana ; but that, being up to the time when he went to the said State of Indiana a citizen of Massachusetts, he went from the State of Massachusetts to the State of Indiana with the intent and purpose of obtaining said decree while she remained in Massachusetts ; and that the said decree was fraudulently obtained by him.   The court are of opinion that the facts thus offered to be proved would, if established, preclude the libellee from availing himself of said decree in bar of the present libel ; that the evidence produced and offered to be produced by the libellant for the purpose had some tendency to prove these facts, and was competent and admissible, and should have been submitted to the jury, to pass upon and determine its effect.

---

* BIGELOW, C. J. and HOAR, J. did not sit in this case.